FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 18 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAWN MECCA, Individually and as a
Shareholder of Payback Repo, Inc., d/b/a PRI and
Payback Repo, Inc., and as a Shareholder of Risk
Management and Loss Mitigation Services Inc.,
and Risk Management and Loss Mitigation
Services, Inc.,

                    Plaintiff,

    -against-

SCOTT LENNON, Individually as President of
Payback Repo, Inc., d/b/a PRI and, Payback Repo,
Inc. and as President of Risk Management and Loss
Mitigation Services, Inc., and Risk Management
and Loss Mitigation Services, Inc.,

                    Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

16-CV-1414
(Wexler, J.)

APPEARANCES:

    LAW OFFICES OF CHARLES J. CASOLARO
    BY: Charles J. Casolaro, Esq. and Gregory J. Gallo, Esq.
    Attorneys for Plaintiff
    1050 Franklin Avenue, Suite 402
    Garden City, New York 11530

    BALESTRIERE FARIELLO
    BY: Christine Alexandria Rodriguez, Esq.
    Attorney for Defendants
    225 Broadway, Suite 2900
    New York, New York 10007

WEXLER, District Judge:

    Plaintiff Dawn Mecca ("Mecca" or "Plaintiff") commenced this action in New York Supreme Court, Nassau County. Defendants have removed the case pursuant to 28 U.S.C. §1332. Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Rule 12 (b)(5) and (6) of the Federal Rules of Civil Procedure. Motion, Docket Entry ("DE")

[8]. For the reasons set forth herein, Defendants' motion is granted and the complaint is dismissed, with leave to replead to a limited extent.

## I. BACKGROUND

### A. Factual Allegations

The facts are taken from the complaint ("Compl"). DE [1-2]. The following recitation is necessarily brief as the complaint is only five and one-half pages long. In addition, despite the leading language in every one of the 17 factual allegations regarding "at all times hereinafter mentioned," there is not a single date included in the body of the complaint.

Mecca claims that she is a 49% owner of Payback Repo, Inc. ("Payback") and that Lennon holds 51% and is the president of Payback. ¶1. She is the Chief Executive Officer of PRI Risk Management and Loss Mitigation Services, Inc. ("PRI"), while Lennon is the president and a shareholder. Mecca is a shareholder of both corporations, but she does not allege what percentage she holds at PRI. Payback and PRI are both repossession and asset recovery corporations and have the same place of business, 343 Merrick Road, Lynbrook, New York.

The remainder of the factual allegations are declarative statements that, *inter alia,* the Defendants have excluded Plaintiff from the daily operations of the corporations, violated corporate by-laws, re-directed corporate profits to conceal the income from Plaintiff, and refused payment of dividends. The most specific allegation is that "Defendant Lennon and the above-named Corporate Defendants have generated millions of dollars in revenue and have purposefully excluded the Plaintiff[] from the Corporations for the sole purpose of converting, hide [sic], secreting and embezzling said funds for the purposes for which said funds are not intended." Compl. ¶ 17.

The complaint sets forth three causes of action. She claims breach of contract for defendants' failure to "properly remunerate the Plaintiffs of their lawfully earned corporate

profits, as agreed." Compl. ¶19. The second cause of action is styled as one for larceny by trick and conversion of corporate funds relating to the failure to distribute income and dividends and Lennon's alleged misappropriation of funds. Under the third cause of action, Plaintiff seeks "corporate dissolution."

## B. Procedural History

Plaintiff commenced the action in Supreme Court, Nassau County by filing a Summons with Notice and serving it on Defendants on September 2, 2015. Declaration of Christine A. Rodriguez ("Rodriguez Decl."), Summons with Notice, Ex. A. On September 22, 2015, Defendants served Plaintiff's counsel with a Demand for a Complaint. Plaintiff did not serve the complaint until March 4, 2016. On March 21, 2016, the parties stipulated to extend defendants' time to respond to the complaint to April 6, 2016. Reply Declaration of Christine A. Rodriguez ("Rodriguez Reply Decl."), Stipulation, Ex. H.

On March 22, 2016, the day after the stipulation was executed, defendants removed the action to this court based on the diversity of the parties. On April 6, 2016, defendants requested a premotion conference in anticipation of their motion to dismiss. Ltr., DE [4]. A briefing schedule was established, and the instant motion was filed.

## II. LEGAL STANDARDS

Defendant seeks dismissal of the action pursuant to Rule 12 (b)(5) for insufficiency of process and to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

"Rule 12(b)(5) authorizes dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." *Butler v. N.Y. City Dep't of Educ.*, No. 10–CV–5748, 2014 WL 5023507, at *2 (E.D.N.Y. Oct. 7, 2014). "[W]hen a

defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "In deciding a Rule 12(b)(5) motion, a court looks to materials outside of the pleadings in determining whether service of process has been insufficient." *Jordan v. Forfeiture Support Assoc.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (internal quotation and citations omitted).

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S at 679. A determination of plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly*, 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's

4

elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level.").

### III. DISCUSSION

#### A. Insufficiency of Process[1]

##### 1. Application of state law

Although the Federal Rules of Civil Procedure apply to actions after removal, "state law governs the sufficiency of service of process *before* removal." *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) (emphasis supplied); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 383 (S.D.N.Y. 2006) (noting that "federal courts routinely look to state law when evaluating the propriety of service of process in deciding motions to dismiss a complaint in diversity cases removed to federal court."). "Because Plaintiff served process on Defendant prior to removal, 'the propriety of service must be determined by reference to state law.'" *PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009) (quoting *Zeballos v. Tan*, No. 06–CV–1268, 2006 WL 1975995, at *6 (S.D.N.Y. July 10, 2006)).

Under New York law, a plaintiff in receipt of a demand for complaint must complete service within twenty days. Here, service was not effected until March 4, 2015, almost 5 months late. "To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action." *Carducci v. Russell*, 120 A.D.3d 1375, 1375–76, 993 N.Y.S.2d 119, 121 (2d Dep't 2014) (citations omitted). "The determination of what constitutes a reasonable excuse for a

---

[1] Plaintiff argues that Defendants' motion is untimely since it was not made within thirty days of receipt of the complaint. This argument is rejected in light of the parties' stipulation extending defendants' time to respond to the complaint, and defendants' timely actions in conformance with that document.

default lies within the sound discretion of the court." *Khamis v. Corp. Transp. Grp., Ltd.*, 135 A.D.3d 825, 826, 23 N.Y.S.3d 375 (2d Dep't 2016) (internal quotation and citation omitted).

Plaintiff's excuse is that her counsel needed the time to properly investigate her claims and that much of the necessary information is in Defendants' control. The thinness of this excuse, however, is evidenced by the complaint which was ultimately served. It is completely lacking in factual content, including facts that were in Plaintiff's control. For example, there is not a single fact regarding the "contract" between the parties, and there are no dates but for the date of the pleading.[2] As such, Plaintiff has failed to put forth a reasonable excuse for to avoid dismissal under CPLR 3012(b).

2. Request for an extension of time to serve

Plaintiff seeks permission serve out of time pursuant to CPLR 2004. While state law may apply to service prior to removal, Rule 4(m) "applies to removed cases after the date of removal." *G.G.G. Pizza*, 67 F. Supp. 2d at 102; *see also* FED. R. CIV. P. 81(c) (the Federal Rules apply after removal). Accordingly, the Court will treat Plaintiff's request as one made under Rule 4(m) of the Civil Rules of Procedure.

Pursuant to Rule 4(m), if a defendant is not timely served,[3] the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). It further provides that the court must extend the time for service "if the plaintiff shows good cause for the failure." *Id.* The determination of whether good cause exists is within the "sound discretion of the district court." *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007). In addition, it is clear that the court has the discretion to grant an extension

---

[2] In addition, there is no evidence that Plaintiff took advantage of CPLR § 3102(c) that allows a litigant to obtain a court order for pre-commencement disclosure "to aid in bringing an action."

[3] Rule 4(m) formerly allowed 120 days for service, but was reduced to 90 days by amendment in 2015. Service of the complaint in this case was untimely in either event.

even in the absence of good cause. *Id.* at 196. In determining whether there was good cause, the court considers (1) whether plaintiff reasonably and diligently attempted to effect service, and (2) whether defendants are prejudiced by the delay. *See Visco v. Brentwood Union Free Sch. Dist.*, 991 F. Supp. 2d 426, 432 (E.D.N.Y. 2014).

There is no evidence to support a finding that plaintiff exercised any diligence whatsoever in serving the complaint. Her only proffered excuses concern delays occasioned by her own financial circumstances and the supposed lack of information in her possession or in the possession of her attorney. On the other hand, defendants have not made any showing that they would be prejudiced by allowing service to stand. Although they were not served with the complaint until March 4, 2016, the Summons with Notice filed on September 2, 2015 identified the nature of the action as seeking to recover damages for "oppressive corporate conduct, misappropriation of corporate funds, breach of contract, conversion, fraud, larceny by trick or false promise, embezzlement, corporate dissolution, derivative stockholder's action, and for the appointment of a receiver." Rodriguez Decl., Ex. A. The complaint that was ultimately served asserted three causes of action, all of which were included on the Summons with Notice. Thus Defendants were generally on notice of the claims to be brought against them. *See generally Planetarium Travel, Inc. v. Whitehouse Travel Co.*, No. 97 CIV. 2186, 1998 WL 85796, at * 2 (S.D.N.Y. Feb. 27, 1998) (declining to dismiss complaint noting that defendants concede they received a copy of the complaint "and thus were on notice of the complaint.").

Balancing Plaintiff's lack of diligence with the absence of any showing of prejudice by Defendants, the Court, in its discretion, grants Plaintiff's motion to extend the time to serve, and deems service upon Defendants to be timely, *nunc pro tunc*.

**B. Failure to State a Claim**

    1. First Cause of Action: Breach of Contract

Under New York law,[4] plaintiff must establish four elements for a breach of contract claim: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000) (internal quotation and citation omitted). Plaintiff does not allege any facts constituting a breach of contract claim. Notably, she fails to identify the "contract," any of its terms, and precisely what terms were breached. These omissions are fatal to her breach of contract claim. *See, e.g., CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*, No. 12-CV-1865, 2013 WL 1209116, at *3 (E.D.N.Y. Mar. 25, 2013) ("there must be some allegation of the contract upon which the claim is based and an allegation as to the terms of the contract or how there was a breach"); *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because "a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue"). Accordingly, the breach of contract claim is dismissed, with leave to replead.

    2. Second Cause of Action: Larceny by Trick and Conversion of Corporate Funds

        *a. Larceny by Trick*

To the extent Plaintiff alleges larceny by trick, the claim must be dismissed. Larceny, including larceny by trick, is a crime as defined by New York Penal Law §155.05, and New York law does not provide a civil cause of action for this offense. *See Bryant v. Comm'r of Soc.*

---

[4]As the parties apparently agree that New York law controls, the Court will apply it. *See, e.g., Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) ("[W]here the parties agree that New York law controls, this is sufficient to establish choice of law.").

8

*Sec.*, No. 14CV5764, 2015 WL 6758094, at *6 (S.D.N.Y. Nov. 5, 2015). The larceny by trick claim is dismissed with prejudice.

### b. *Conversion of Corporate Funds*

Plaintiff's second cause of action also purports to state a claim for "conversion of corporate funds." It is not at all clear, however, whether this claim is asserted individually or derivatively.

To the extent that she seeks relief as a shareholder, a "derivative suit seeks to vindicate a wrong done to the corporation through enforcement of a corporate cause of action," and therefore "any recovery obtained is for the benefit of the injured corporation." *Glenn v. Hoteltron Sys., Inc.*, 74 N.Y.2d 386, 392, 547 N.E.2d 71, 74 (1989). It is "well-settled that shareholders lack standing to assert individual claims based on injury to the corporation." *Baltus-Michaelson v. Credit Suisse First Boston, LLC*, 116 F. App'x 308, 309 (2d Cir. 2004). A plaintiff may sue in an individual capacity "to recover damages resulting in harm, not to the corporation, but to individual shareholders," in which case "the suit is personal, not derivative, and it is appropriate for damages to be awarded directly to those shareholders." *Glenn*, 74 N.Y.2d at 392. The injury to the shareholder, however, must be "separate and distinct from injury sustained by the corporation." *Baltus-Michaelson*, 116 F. App'x at 309-10; *see also Solutia Inc. v. FMC Corp.*, 385 F. Supp. 2d 324, 331 (S.D.N.Y. 2005) (direct injury must arise from the breach of a duty owed to the shareholder independent of a duty to the corporation, and that "duty must derive from circumstances independent of and extrinsic to the corporate entity." (internal quotation and citation omitted)).

It is impossible to discern from the complaint whether plaintiff is stating an individual or derivative claim. Although the caption indicates she is proceeding both individually and as a

shareholder, the allegations within the pleading claim only injury to the corporation, but contrarily seek only individual relief to Plaintiff. *See, e.g.,* Compl. ¶ 15 (Defendants have "illegally converted the corporate profits"); ¶ 17 (Defendants have converted, hidden, secreted and embezzled funds "for the purposes for which said funds are not intended"); Compl. ¶ 24 (Lennon has refused "to pay and distribute any regular income and dividend income to the Plaintiff. Rather, Defendant Lennon has purposefully misappropriated said funds for his own illegal benefit"). In the Wherefore Clause of her complaint, Plaintiff explicitly seeks compensatory damages of not less than $1,000,000.00 on the corporate conversion cause of action. Moreover, in her opposition to the motion, she argues that Defendant Lennon "diverted money that was owed to the corporation, more specifically, to the plaintiff for himself. It is clear that the plaintiff is claiming that the money was rightfully hers." Mem. of Law in Opp. at 11-12, DE [9]. Thus she is apparently seeking individual damages.

Plaintiff asserts no independent duty owed to her, nor does she allege an injury separate and distinct from that suffered by the corporation, and therefore Plaintiff has not made allegations that provide her with standing to maintain a direct action. In addition, given the confusion in the complaint between derivative and individual claim language, it is appropriate to dismiss this claim. *See Barry v. Curtin,* 993 F. Supp. 2d 347, 353 (E.D.N.Y. 2014) ("A complaint the allegations of which confuse a shareholder's derivative and individual rights will, therefore, be dismissed ... though leave to replead may be granted in an appropriate case." (quoting *Abrams v. Donati,* 66 N.Y.2d 951, 953, 498 N.Y.S.2d 782 (1985)). The motion to dismiss the "corporate conversion" cause of action is granted, with leave to replead.

### 3. Third Cause of Action: Corporate Dissolution

In her final claim, Plaintiff seeks corporate dissolution. Pursuant to New York law, "the holders of shares representing twenty percent or more" of a corporation may present a petition of dissolution on the grounds that "[t]he directors or those in control of the corporation have been guilty of illegal fraudulent or oppressive actions toward the complaining shareholders" or the assets of the corporation "are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation." N.Y. BUS. CORP. LAW § 1104-a.

It has been suggested, however, that federal courts may not have subject matter jurisdiction over corporate dissolution claims. This issue has not been directly addressed as courts have found that a claim for judicial dissolution of a state-created corporation "implicates the *Burford* abstention doctrine, in which '[a] federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation.'" *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 271 (S.D.N.Y. 2008) (quoting *Friedman v. Revenue Mgmt. of New York, Inc.*, 38 F.3d 668, 671 (2d Cir. 1994). Given New York's "strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding its corporations," *Friedman*, 38 F. 3d at 671, courts in "the Second Circuit 'have almost uniformly ruled that even if federal courts have subject matter jurisdiction over claims for corporate dissolution, they should abstain from exercising it.'" *Kermanshah*, 580 F. Supp. 2d at 271 (quoting *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 296 n.6 (E.D.N.Y. 1999)). This Court agrees that abstention is appropriate, without ruling on the issue of subject matter jurisdiction.

## IV. CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff is given leave to amend her complaint, consistent with, and limited by, the above rulings, no later than **May 5, 2017.** Failure to timely amend will result in a dismissal of the action with prejudice.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 18, 2017